UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| GLORIA BELLO BASSEY | : | CASE NO. 23-53017-wlh |
| Debtor | : | |
| | : | |
| AL TADAMON NATIONAL COMPANY FOR GENERAL TRADING & CONTRACTING CO., | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO. 23-05107-wlh |
| v. | : | |
| GLORIA BELLO BASSEY, | : | |
| Defendant | : | |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

COMES NOW Al Tadamon National Company for General Trading & Contracting Co. ("Plaintiff"), and hereby submit this *Statement of Material Facts not in Dispute* in support of *Plaintiff's Motion for Summary Judgment.*

1. Gloria Bello Bassey ("Defendant") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on March 31, 2023. Defendant's Chapter 13 case was converted to one under Chapter 7 on April 17, 2023. [Bankr. Doc. No. 1; *Complaint to Determine Dischargeability of Debt* (the "Complaint")(Adv. Doc, No. 1, ¶ 1); *Answer & Defenses* (the "Answer")(Adv. Doc. No. 6, ¶ 1), Admitted].

2. Defendant is a member and principal of Globel International, LLC ("Globel"), a Georgia limited liability company. The records of Georgia's Secretary of State identify

1

Defendant's residence as Globel's principal office. [Complaint, ¶¶ 8, 9; Answer, ¶¶ 8, 9, Admitted].

### The Florida Litigation

3. Plaintiff filed a complaint against Defendant and Globel in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 21-022129 (03) (the "Litigation'), alleging, among other things, fraudulent conduct and conversion on the part of Defendant and Globel that resulted in damage to Plaintiff in excess of $212,000. [Complaint, ¶ 21; Answer, ¶ 21, Admitted]

4. On April 18, Plaintiff filed its *Amended Complaint* in the Litigation. A copy of the *Amended Complaint* is attached hereto as Exhibit "A."[1]

5. On April 19, 2022, an *Affidavit of Service* executed under penalty of perjury by Mitchell Davidson of Caplan, Caplan, and Caplan Process Servers, Appointed Process Server 182, evidencing individual service of the *Amended Complaint* and *Summons* on Defendant on April 25, 2022, was filed in the Litigation. A copy of the *Affidavit of Service* is attached hereto as Exhibit "B."

6. Defendant did not answer or otherwise respond to the Amended Complaint. On June 30, 2022, the Court in the Litigation entered its *Default Final Judgment* against Defendant and Globel. [Complaint, ¶ 22; Answer, ¶ 22, Admitted]. A copy of the *Default Final Judgment* is attached as Exhibit "C."

---

[1] The Court may take judicial notice of matters in the public record. Fed. R. Evid. 201. The Deed, and other identified instruments, are recorded instruments in the Essex County, Massachusetts real estate records, and therefore subject to judicial notice. See, e.g., *Mullins v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 133749 (E.D. Cal. Sept. 17, 2013). Such judicial notice may be taken in the context of summary judgment. *Grason Electric Co. v. Sacramento Municipal Utility Dist.*, 571 F. Supp. 1504 (E.D. Cal. 1983).

2

**Admitted Facts**

7. Plaintiff operates a food delivery service located in Kuwait. [*Amended Complaint*, ¶ 7, Deemed Admitted]. Plaintiff does business in Broward County, Florida. [*Amended Complaint*, ¶ 2, Deemed Admitted].

8. Plaintiff is and has been doing business with its supplier, American Fine Food Corp. ("American Fine Food") for over 25 years. [*Amended Complaint*, ¶ 7, Deemed Admitted]. American Fine Food is a foreign profit corporation duly registered with the Florida Secretary of State. In 2021, the address for American Fine Food on file with the Florida Secretary of State was 9835 NW 14 Street, Doral, FL 33172, which is located in Miami-Dade County, Florida. .

9. On September 2, 2021, Plaintiff received an email (the "Communication"), purportedly from its contact at American Fine Food, stating that (i) American Fine Food would be changing its name to American Fine Food Globel International LLC, and (ii) due to an internal audit, Plaintiff was required to change the bank account it had on file with American Fine Food to a JPMorgan Chase bank account for outstanding and future wire payments. [*Amended Complaint*, ¶ 9, Deemed Admitted].

10. Defendant, acting through Globel, sent the Communication. [*Amended Complaint*, ¶ 10, Deemed Admitted].

11. Plaintiff had no reason to suspect the email was not from its supplier. [*Amended Complaint*, ¶ 11, Deemed Admitted].

12. Plaintiff believed that it was communicating with its supplier, American Fine Food, based upon the representations and statements made by the Defendant, acting on behalf of Globel. [*Amended Complaint*, ¶ 22, Deemed Admitted].

3

13. On September 6, 2021, Plaintiff wired a payment due and owing to American Fine Food in the amount of $212,301.72 (the "Funds") to an account at JP Morgan Chase Bank, N. A. ("JPMorgan Chase"). [*Amended Complaint*, ¶ 12, Deemed Admitted].

14. Defendant and Globel identified the address for JP Morgan Chase Bank as 1820 Parkades Path, Marietta, GA 30008. [*Amended Complaint*, ¶ 14, Deemed Admitted].

15. 1820 Parkades Path, Marietta, GA 30008 is Defendant's residence. [Complaint, ¶ 4; Answer, ¶ 4, Admitted].

16. Plaintiff made the wire transfer through an exchange company, AL Ansari. [*Amended Complaint*, ¶ 16, Deemed Admitted].

17. AL Ansari, through Burgan Bank, made the transfer of the Funds to JPMorgan Chase. [*Amended Complaint*, ¶ 16, Deemed Admitted].

18. The JPMorgan Chase reference number for the wire was 0543453251FS. [*Amended Complaint*, ¶ 13, Deemed Admitted].

19. Defendant and Globel, posing as American Fine Food, represented that they were unable to access the Funds and requested Plaintiff to recall the transfer and initiate a new transfer of the Funds to a different bank account (the "Subsequent Communication"). [*Amended Complaint*, ¶ 17, Deemed Admitted].

20. Plaintiff, now on notice of potentially fraudulent activity, immediately contacted Burgan Bank and requested a recall of the transfer. [*Amended Complaint*, ¶ 18, Deemed Admitted].

21. Burgan Bank repeatedly contact JPMorgan Chase to stop the transfer. However, on September 8, 2021, JPMorgan Chase replied that the Funds were credited to an account controlled by Defendant and Globel. [*Amended Complaint*, ¶ 19, Deemed Admitted].

22. At the direction of Defendant and Globel, the Funds were subsequently disbursed to various parties, including Defendant. [*Amended Complaint*, ¶ 20, Deemed Admitted].

23. Defendant knew the representations in the Communication and Subsequent Communication were false when made. [*Amended Complaint*, ¶ 24, Deemed Admitted].

24. Defendant and Globel intended that the Communication would induce Plaintiff to wire the Funds to the JPMorgan Chase account controlled by Defendant and Globel. [*Amended Complaint*, ¶ 24, Deemed Admitted].

25. Defendant and Globel intentionally made the Communication and Subsequent Communication to Plaintiff to gain ownership of the Funds for their personal benefit. [*Amended Complaint*, ¶ 14, Deemed Admitted].

26. Plaintiff relied upon Defendant's representations in the Communication when it wired the Funds. [*Amended Complaint*, ¶ ¶ 22, 23, and 26, Deemed Admitted].

27. Plaintiff's reliance upon Defendant's representations in the Communication and Subsequent Communication was reasonable. [*Amended Complaint*, ¶¶ 11, 26, Deemed Admitted].

28. Plaintiff has been damaged as a result of Defendant's conduct. [*Amended Complaint*, ¶¶ 26, 27, Deemed Admitted].

29. Defendant, individually and through Globel, took the Funds by inducing Plaintiff to wire the Funds to JPMorgan Chase. [*Amended Complaint*, ¶¶ 30, 31, Deemed Admitted].

30. The actions taken by Defendant and Globel deprived Plaintiff of the ownership of its Funds and was inconsistent with Plaintiff's ownership of the funds. [*Amended Complaint*, ¶¶ 32, 33, Deemed Admitted].

31. Plaintiff sustained damages as a result of the actions and deprivations of Defendant and Globel. [*Amended Complaint*, ¶ 34, Deemed Admitted].

Dated: February 28, 2024

                                                      LAMBERTH, CIFELLI,
                                                      ELLIS & NASON, P.A.
                                                     *Counsel for Plaintiff*

                                               By: */s/ G. Frank Nason, IV*
                                                      G. Frank Nason, IV
                                                      Georgia Bar No. 535160
                                                      fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, GA 30328
(404) 262-7373

**EXHIBIT "A"**

Case 23-05107-wlh    Doc 14-1    Filed 02/28/24    Entered 02/28/24 17:50:13    Desc
Statement of Material Facts not in Dispute    Page 8 of 20

Filing # 147656305 E-Filed 04/13/2022 05:03:28 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CASE NO.: 21-022129 (03)

AL TADAMON NATIONAL CO.,

    Plaintiff,

Vs.

GLOBEL INTERNATIONAL, LLC,
A Foreign Limited Liability Company, and
GLORIA BASSEY BELLO, Individually,

    Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, AL TADAMON NATIONAL CO., ("Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint against the Defendants, GLOBEL INTERNATIONAL, LLC, a Foreign Limited Liability, and GLORIA BASSEY BELLO, individually, and as grounds thereof states as follows:

### PARTIES, JURISDICTION AND VENUE

1.    This is an action for damages in excess of $30,000.00, excluding interest, costs and attorney's fees and is therefore within the jurisdiction of this Court.

2.    Plaintiff is and was, at all times relevant hereto, a corporation organized pursuant to the laws of Kuwait and doing business in Broward County.

3.    Defendant, GLOBEL INTERNATIONAL, LLC, is a Georgia Limited Liability Company, that conducted business in the State of Florida as it wrongfully and fraudulently intercepted a wire intended for a company doing business in Broward County, Florida.

000001/01388170_1

4. Defendant, GLORIA BASSEY BELLO, was at all times material hereto a resident of the state of Georgia and wrongfully and fraudulently intercepted a wire intended for a company doing business in Broward County, Florida.

5. Venue is proper in this jurisdiction as the causes of action alleged herein occurred in Broward County, Florida.

6. All conditions precedent to the prosecution of this action have occurred or have been performed, excused or waived.

## FACTS RELEVANT TO ALL COUNTS

7. Plaintiff operates a food delivery service located in Kuwait.

8. Plaintiff is and has been doing business with its supplier, American Fine Food Corp. ("American Fine Food"), for the past 25 years.

9. On September 2, 2021, Plaintiff received an email, purportedly from its contact at American Fine Food, stating that American Fine Food would be changing its name to American Fine Food Global International LLC, and that due to an internal audit, Plaintiff was required to change the bank account it had on file with American Fine Food to a JP Morgan Chase bank account for outstanding and future wire payments.

10. It is through investigation, information and belief that Defendant, BELLO, acting through her company, GLOBEL INTERNATIONAL, sent this email.

11. At the time, Plaintiff had no reason to suspect the email was not from its trusted supplier and did as the email requested.

000001/01388170_1

12. Thereafter, on September 6, 2021, Plaintiff wired a payment due and owing to American Fine Food in the amount of $212,301.72 (the "Funds") to a JP Morgan Chase bank account.

13. JP Morgan Chase bank's reference number for the wire was 0543453251FS.

14. The Defendants listed JP Morgan Chase bank address as 1820 Parkades Path, Marietta, GA 30008, which Plaintiff has since come to discover is false.

15. This address has been discovered to be the principal office address of the GLOBEL INTERNATIONAL.

16. Plaintiff made the wire transfer through an exchange company called AL Ansari, and AL Ansari, through Burgan Bank, made the subsequent transfer of the Funds to JP Morgan Chase Bank.

17. Subsequent to the transfer, the Defendants, fraudulently posing as American Fine Food, was seemingly unable to access the Funds and requested Plaintiff recall the transfer and initiate a new transfer of the Funds to a different bank account.

18. Plaintiff, now on notice of potentially fraudulent activity, immediately contacted Burgan Bank and requested a recall of the transfer.

19. Burgan Bank repeatedly contact JP Morgan Chase to stop the transfer; however, on September 8, 2021, JP Morgan Chase Bank replied by saying the amount was credited to the beneficiary's account (i.e., the Defendants).

20. The Funds transferred to the JP Morgan Chase bank account, as described above, has since been disbursed, at the direction of the Defendants, to various parties, including the Defendant, BELLO, personally.

## COUNT 1 – FRAUD

21. Plaintiff reincorporates and realleges the allegations set forth in Paragraphs 1 through 19, supra, as if fully set forth herein.

22. At all times material hereto, Plaintiff believed that it was communicating with its supplier, American Fine Food, based upon the representations and statements made by the Defendant, BELLO, acting on behalf of the Defendant, GLOBEL INERNATIONAL.

23. Based upon these representations, Plaintiff wired the Funds to the JP Morgan Chase bank account.

24. Defendants, BELLO and GLOBEL, knew that these statements to Plaintiff regarding the Funds and the JP Morgan Chase bank account were false when they were made. Defendants intended that these statements regarding the Funds and the JP Morgan Chase Bank account would induce Plaintiff to act upon them (i.e. Plaintiff would wire the Funds to the fraudulent JP Morgan Chase bank account).

25. Defendants knowingly, intentionally and fraudulently made these statements and representations to Plaintiff in order to effectuate the transfer of the Funds from Plaintiff to Defendants in order to gain ownership of the Funds for their and/or her personal benefit.

26. As a result of Plaintiff's justifiable reliance on the Defendants' false statements, Plaintiff has been damaged.

27. As a result of the Defendants' conduct, Plaintiff has been damaged.

28. As a result of the Defendants' conduct, Plaintiff has been required to retain undersigned counsel and is obligated to compensate undersigned counsel for the reasonable costs of services and expenses related to the litigation.

WHEREFORE, Plaintiff, AL TADAMON NATIONAL CO., seeks damages against the Defendants, BELLO, individually, and GLOBEL INTERNATIONAL, an award of costs incurred, and for such other and further relief as to the Court deems just and proper.

## COUNT II – CONVERSION

29. Plaintiff reincorporates and realleges the allegations set forth in Paragraphs 1 through 19, supra, as if fully set forth herein.

30. At times material hereto, the Defendant, BELLO, acting on behalf of Defendant, GLOBEL, made statements and sent emails to the Plaintiff fraudulently posing as American Fine Food, a supplier of the Plaintiff.

31. As a result, Plaintiff under the guise of Defendants' fraudulent actions, wired the Funds to the Defendants through the above-noted JP Morgan Chase bank account.

32. These actions by the Defendants have deprived the Plaintiff of its property, i.e. monies.

33. This deprivation is inconsistent with the Plaintiff's ownership of its funds.

34. As a result of the Defendants' actions and deprivations, the Plaintiff has sustained damages, including but not limited to, the loss of the Funds.

WHEREFORE, Plaintiff, AL TADAMON NATIONAL CO., seeks damages against the Defendants, BELLO, individually, and GLOBEL INTERNATIONAL, an award of costs incurred, and for such other and further relief as to the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with Florida E-Filing Portal on this 13th day of April, 2022.

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Ste 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
Facsimile: 954-525-4300

By: /s/ Jason Corsover .
JASON T. CORSOVER
Florida Bar No. 189472
corsover@kolawyers.com
BRIAN R. KOPELOWITZ
Florida Bar No. 97225
kopelowitz@kolawyers.com

**EXHIBIT "B"**

Filing # 148676470 E-Filed 04/29/2022 02:37:14 PM

Case 23-05107-wlh    Doc 14-1    Filed 02/28/24    Entered 02/28/24 17:50:13    Desc
Statement of Material Facts not in Dispute    Page 15 of 20

# AFFIDAVIT OF SERVICE

**State of Florida**  **County of Broward**  **Circuit Court**

Case Number: CACE21-022129 (03)

Plaintiff: **AL TADAMON NATIONAL, CO.,**
vs.
Defendant: **JOHN DOE,**

For: BRIAN R. KOPELOWITZ
KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT

Received by Caplan, Caplan & Caplan Process Servers on the 15th day of April, 2022 at 1:13 pm to be served on **GLORIA BASSEY BELLO, 1820 PARKADES PATH SW, MARIETTA, GA 30008** I, **Mitchell Davidson**, being duly sworn, depose and say that on the **25** day of **April**, 20**22** at **7:00** p.m., executed service by delivering a true copy of the **SUMMONS, AMENDED COMPLAINT** in accordance with state statutes in the manner marked below:

(✓) INDIVIDUAL SERVICE: Served the within-named person by delivering a true copy of pleadings and informed said person of the contents therein, with the date, hour and intials of service endorsed thereon by me, to in compliance with State Statutes.

( ) SUBSTITUTE SERVICE: By serving _____ as _____. Served the within-named person residing with defendant/witness, over the age of 15, by delivering a true copy of pleadings and informed said person of the contents therein, with the date, hour and intials of service endorsed thereon by me in compliance with Florida State Statute.

( ) SUBSTITUTE SERVICE D/B/A: By serving _____ as _____. Served the within-named person over the age of 15, by delivering a true copy of pleadings and informed said person of the contents therein, with the date, hour and intials of service endorsed thereon by me after 2 or more attempts to serve the owner have been made at the place of business in compliance with Florida State Statute. Attempts were made: Date_____ Time:_____ and Date:_____ Time:_____

( ) POSTED SERVICE: After attempting service on __/__/__ at _____ and on __/__/__ at _____ to a conspicuous place on the property described herein with the date, hour and intials of service endorsed thereon by me

( ) POSTED SERVICE: To a conspicuous place on the property described herein with the date, hour and intials of service endorsed thereon by me

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or (✓) No    If yes, what branch?_____

Marital Status: ( ) Married or (✓) Single Name of Spouse _____

**COMMENTS:**_____

## AFFIDAVIT OF SERVICE For CACE21-022129 (03)

Under penalties of perjury, I declare that I have read the foregoing Affidavit of Service / Return of Service and that the facts stated in it are true. I certify that I have no interest in the above action, am of legal age and service was made within this state by an officer authorized to serve process where the person was served.

_____

Subscribed and Sworn to before me on the 26 day of Oct, 2022 by the affiant who is personally known to me.

Joyce Pate Wheeler
NOTARY PUBLIC

[Seal: JOYCE PATE WHEELER, MY COMMISSION EXPIRES FEBRUARY 04, 2026, NOTARY PUBLIC, BARTOW COUNTY, GEORGIA]

PROCESS SERVER # 182
Appointed in accordance with State Statutes

Caplan, Caplan & Caplan Process Servers
12555 Orange Drive
Suite 106
Davie, FL 33330
(305) 374-3426

Our Job Serial Number: 2022011947
Ref: 015373-1

Gloria Bello

Filing # 147656305 E-Filed 04/13/2022 05:03:28 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CASE NO.: 21-022129 (03)

AL TADAMON NATIONAL CO.,

    Plaintiff,

Vs.    APR 1 4 2022

GLOBEL INTERNATIONAL, LLC,
A Foreign Limited Liability Company, and
GLORIA BASSEY BELLO, Individually,

    Defendants.
_____/

DATE 4/25/22 TIME 7:10PM

INITIAL MD  BA# 182

/C

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff/Certified Process Server of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

        Gloria Bassey Bello
        2590 Adams Park Lane
        Powder Springs, Georgia 30127

    Each Defendant is required to serve written defenses to the Complaint or petition on: **BRIAN KOPELOWITZ, ESQ., KOPELOWITZ OSTROW, P.A., ONE WEST LAS OLAS BOULEVARD, SUITE 500, FORT LAUDERDALE, FLORIDA 33301**, within <u>twenty (20) days</u> after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court, Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale, Florida 33301 either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this _____ day of _____APR 14 2022_____, 2022

                        BRENDA D. FORMAN
                        As Clerk of the Court

                        By: _____
                             As Deputy
                        BRENDA D. FORMAN

000001/01388184_1

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 04/13/2022 05:03:26 PM.****

**EXHIBIT "C"**

Filing # 152474349 E-Filed 06/30/2022 06:02:27 AM

Case 23-05107-wlh    Doc 14-1    Filed 02/28/24    Entered 02/28/24 17:50:13    Desc
Statement of Material Facts not in Dispute    Page 19 of 20

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE21022129**   DIVISION: **03**   JUDGE: **McCarthy, Barbara (03)**

**Al Tadamon National Co**

Plaintiff(s) / Petitioner(s)

v.

**John Doe, et al**

Defendant(s) / Respondent(s)

_____/

**Default Final Judgment**

THIS CAUSE having come on to be heard on Plaintiff's Motion for Default Final Judgment and the Court having heard argument of counsel for Plaintiff, is thereupon;

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default Final Judgment be and the same is hereby GRANTED;

2. Judgment is hereby entered in favor of Plaintiff, Al Tadamon National Co., and against Defendants, GLOBEL INTERNATIONAL, LLC and GLORIA BASSEY BELLO in the amount of $212,301.72;

3. This Court hereby retains jurisdiction as necessary in order to enforce the terms of this Order.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 29th day of June, 2022.

CACE21022129 06-29-2022 7:40 PM
Hon. Barbara Mccarthy
**CIRCUIT JUDGE**
Electronically Signed by Barbara Mccarthy

**Copies Furnished To:**
Brian Kopelowitz , E-mail : kopelowitz@kolawyers.com
Brian Kopelowitz , E-mail : herrington@kolawyers.com
Jason Corsover , E-mail : corsover@kolawyers.com

Case Number: CACE21022129

Jason T Corsover , E-mail : jcorsover@yahoo.com
Jason T Corsover , E-mail : woolley@kolawyers.com