**IT IS ORDERED as set forth below:**



Date: April 23, 2024

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>GLORIA BELLO BASSEY,<br><br>Debtor. | Case No. 23-53017-WLH<br><br>Chapter 7 |
| AL TADAMON NATIONAL COMPANY FOR GENERAL TRADING & CONTRACTING CO.,<br><br>Plaintiff,<br><br>v.<br><br>GLORIA BELLO BASSEY,<br><br>Defendant. | Adversary Proceeding No. 23-5107 |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 14), and the response thereto. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), and the claims are core proceedings under 28 U.S.C. § 157(b)(2)(I).

## I. SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, made applicable to contested matters by Federal Rules of Bankruptcy Procedure 7056 and 9014. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c) ; Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The party moving for summary judgment has "the initial responsibility of informing the . . . court of [the] basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (citing Celotex Corp., 477 U.S. at 323). What is required of the moving party, however, varies depending on whether the moving party has the ultimate burden of proof on the issue at trial.

## II. UNDISPUTED FACTS

Plaintiff operates a food delivery service located in Kuwait. Plaintiff has been and continues to engage in business with its supplier, American Fine Food Corp. ("American Fine Food"). Defendant is a member and principal of Globel International, LLC ("Globel"), a Georgia limited liability company. Globel's principal place of business was originally located in Powder Springs, Georgia but moved to Defendant's residence in Marietta, Georgia in 2022.

On September 2, 2021, Plaintiff received an email (the "Communication"), purportedly from its contact at American Fine Food, stating that (i) American Fine Food would be changing its name to American Fine Food Global International LLC, and (ii) due to an internal audit, Plaintiff was required to change the bank account it had on file with American Fine Food to a JPMorgan Chase bank account for outstanding and future wire payments.

On September 6, 2021, Plaintiff wired a payment to American Fine Food in the amount of $212,301.72[1] (the "Funds") to an account at JP Morgan Chase Bank, N. A. ("JPMorgan Chase"). Plaintiff made the wire transfer through an exchange company, AL Ansari. AL Ansari, through Burgan Bank, made the transfer of the Funds to JPMorgan Chase. The Funds were credited to an account controlled by Globel. The Funds were subsequently disbursed to various parties.

A complaint was filed against Defendant and Globel in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 21-022129 (03). On June 30, 2022, the Florida state court entered a Default Final Judgment against Defendant and Globel in the amount of $212,000 (the "Florida Judgment").

Defendant filed for relief under Chapter 13 of the Bankruptcy Code on March 31, 2023, and converted the case to Chapter 7 on April 17, 2023.

---

[1] Defendant states the amount is $212,274.72.

On August 15, 2023, Plaintiff filed the complaint seeking a determination that the Florida Judgment is nondischargeable pursuant to sections 523(a)(2), (a)(4), and (a)(6). Defendant answered the complaint on September 25, 2023.

Plaintiff filed the Motion on February 28, 2024. Plaintiff contends there are no genuine issues of material fact that the Florida Judgment is entitled to preclusive effect. On March 28, 2024, Defendant filed a response in opposition to the Motion (Doc. No. 17).[2] Plaintiff filed a Reply in support of the Motion on April 22, 2024 (Doc. No. 21).

### III. DISPUTED FACTS

Defendant disputes that she and Globel conducted business with Plaintiff. Plaintiff contends the Communication was sent by Defendant, acting through Globel, but Defendant denies sending the Communication. In fact, Defendant denies having any communication with Plaintiff. Instead, Defendant contends that a business acquaintance, Uwemedimo Umoren, approached her on July 13, 2021 for assistance with a wire transfer, allegedly to purchase vehicles for clients. Defendant contends she allowed Mr. Umorem to use Globel's Chase bank account for the transaction. Mr. Umorem thereafter provided Defendant with instructions, via text message dated September 8, 2021, to obtain certain cashier's checks. Defendant states that on September 9, 2021, she obtained a cashiers check made out to Kashimawo Technologies for $142,800 and Copart in the amount of $28,200. She provided an additional cahier's check in the amount of $8,000 on September 14, 2021. Defendant handed an additional $20,000 in cash to Mr. Umorem. The remaining funds were reportedly transferred to a Regions bank account at Mr. Umorem's direction. Defendant contends she agreed to assist Mr. Umorem because she had known him for several years.

---

[2] Contemporaneously with filing the Motion, Defendant filed a Motion to Allow Late Filing of Response to Motion for Summary Judgment (Doc. No. 16). The Court entered an Order Allowing Late Filed Response (Doc. No. 20); thus the Response is deemed timely.

4

Debtor admits that she did not answer or respond to the Florida litigation. She disputes that Plaintiff and the entity that initiated the Florida Litigation are the same (plaintiff in the Florida Litigation was Al Tadamon National Co., whereas Plaintiff is Al Tadamon National Company for General Trading & Contracting Co.). Defendant disputes that the Florida state court had jurisdiction over her and Globel. She does not recall being served with the Florida complaint. She disputes the underlying allegations in the Florida litigation.

## IV. ANALYSIS

Plaintiff contends that Debtor is collaterally estopped from disputing the facts necessarily determined by the state court in entering the Florida Judgment and that those facts are sufficient to support its claim of nondischargeability under sections 523(a)(2), (a)(4), and (6). Issue preclusion, also called collateral estoppel, bars relitigation of an issue previously decided in a judicial proceeding if the party against whom the prior decision is asserted had a full and fair opportunity to litigate that issue in the earlier case. St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 675 (11th Cir. 1993). Because Plaintiff obtained a Florida judgment, Florida's collateral estoppel law determines the Florida Judgment's preclusive effect. Id. at 676.

Under Florida law, issue preclusion may be invoked where: (1) the issue was actually litigated in the prior proceeding, (2) the issue at stake is identical to the one decided in the prior litigation, (3) the prior determination of the issue was a critical and necessary part of the judgment in that earlier decision, and (4) the standard of proof in the prior action was at least as stringent as the standard of proof in the later case. Id. at 676. "When assessing whether a state court judgment should be given preclusive effect in a nondischargeability action, a bankruptcy court may review the entire record in the state court case to determine the grounds for, or the meaning of, the state court's judgment or order." In re Hill, 540 B.R. 331, 335–36 (Bankr. W.D.

5

Ky. 2015), subsequently aff'd, 957 F.3d 704 (6th Cir. 2020).

Defendant contends that the Florida Judgement is not entitled to preclusive effect because the Florida state court did not have personal jurisdiction over her as she did not live in or maintain an office in Florida. Judgments rendered by a court lacking jurisdiction are void. United States v. Bigford, 365 F.3d 859, 865 (10th Cir. 2004) (citing Burnham v. Super. Ct. of Cal., 495 U.S. 604, 608 (1990)). This is true even if the defendant was served but did not answer and default judgment was entered. Wiggins v. Tigrent, Inc., 147 So. 3d 76, 84 (Fla. Dist. Ct. App. 2014). Further, a defendant does not waive her ability to challenge the validity of the state court's jurisdiction by failing to question the same in the original state court proceeding. Id.; see also In re Goodman, 25 B.R. 932, 937 (Bankr. N.D. Ill. 1982) (a judgment can be attacked on the basis of a lack of jurisdiction over the parties if that issue was not raised and decided in the prior court). A judgment may therefore be attacked in a collateral proceeding in another jurisdiction on the basis that it was rendered without jurisdiction. United States v. Bigford, 365 F.3d 859, 865 (10th Cir. 2004); see also In re Calise, 513 B.R. 16, 24 (Bankr. D.R.I. 2014) (where plaintiff did not prove by a preponderance of the evidence that state court had personal jurisdiction over the defendant, the default judgment did not have preclusive effect in later proceeding); In re Kulik, 400 B.R. 313, 321 (Bankr. M.D. Fla. 2007) (state court was without *in personam* jurisdiction over the debtor when it entered the judgment, so the judgment had no preclusive effect and could not be enforced against the debtor).

Florida's long-arm statute provides for both general and specific personal jurisdiction. See Fla. Stat. § 48.193(1)-(2). General personal jurisdiction exists when a defendant "is engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." Id. § 48.193(2). General personal jurisdiction is based on a defendant's substantial

6

activity in Florida without regard to where the cause of action arose. See Oldfield, 558 F.3d at 1220 n. 27. On the other hand, specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action. See id. Section 48.193(1)(a)(2) provides that a nonresident defendant is subject to personal jurisdiction in Florida "for any cause of action arising from ... [c]omitting a tortious act within [Florida]" or "[c]ausing injury to persons or property within [Florida] if . . . [t]he defendant was engaged in solicitation or service activities within [Florida] or [p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." Fla. Stat. § 48.193(1)(a)(2) & (1)(a)(6). Service of process may be made by personally serving the process upon the defendant outside this state. Fla Stat. § 48.193(3).

The Florida state court complaint alleged Defendant wrongfully and fraudulently intercepted a wire intended for a company doing business in Broward County, Florida, and directed communications to Plaintiff in Florida. Defendant disputes the allegations. Accordingly, the facts that would give rise to jurisdiction in the Florida state court are disputed. There is a genuine issue of material fact as to whether the Florida state court had jurisdiction over Defendant. Because there is a question as to the validity of the underlying Florida state court judgment, collateral estoppel is not appropriate.

V. **CONCLUSION**

For the reasons stated above, the Court finds that there are genuine issues of material fact as to whether the Florida state court had jurisdiction over the Defendant. A judgment rendered by a court lacking jurisdiction is void and does not have preclusive effect, thus collateral estoppel is

7

not appropriate. Plaintiff has not demonstrated by a preponderance of the evidence that it is otherwise entitled to judgment as a matter of law on its nondischargeability claim. Accordingly,

    **IT IS ORDERED** that the Motion is **DENIED.**

## END OF DOCUMENT

**Distribution List**

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason, P.A.
Suite 435
6000 Lake Forrest Drive, N.W.
Atlanta, GA 30328

Ian M. Falcone
The Falcone Law Firm, P.C.
363 Lawrence Street
Marietta, GA 30060